# EXHIBIT D

# ESCROW AGREEMENT

AGREEMENT made as of this 23rd day of February, 2007, by and among 272 Sherman, LLC, c/o New Realty Mgt. Inc., having an address at 450 Seventh Avenue, New York, New York, 10123, ("Seller") and Milbank Real Estate Services, Inc., having an address at 660 S. Figueroa Street, 24th Floor, Los Angeles, California 90017, ("Purchaser"), and First American Title Insurance Company of New York, having an address at 633 Third Avenue, New York, New York 10017 ("Escrow Agent").

## WITNESSETH

WHEREAS, Seller and Purchaser have entered into a Purchase Agreement or Contract dated as of February 22, 2007 ("Contract") pursuant to which Seller has agreed to sell and Purchaser has agreed to purchase premises located at 272 Sherman Avenue, New York, New York ("Premises");

WHEREAS, Purchaser is obligated under the Contract to make a deposit in the amount of $720,000.00 (the "Deposit"); and

WHEREAS, in furtherance of the Contract, the Seller and Purchaser desire that the Escrow Agent hold the Deposit in escrow, and Escrow Agent is willing to do so, on the terms and conditions hereinafter set forth.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is duly acknowledged, the parties hereto agree as follows:

1. The Deposit shall be delivered to the Escrow Agent either (a) in the form of an unendorsed check issued by a bank which is a member of the New York Clearinghouse Association, in the amount of the Deposit payable to the order of Escrow Agent, as Escrow Agent, or (b) by wire transfer pursuant to Escrow Agent's wire instructions annexed to this Agreement.

2. The Deposit shall be deposited by Escrow Agent in an interest bearing money market account at either North Fork Bank or Signature Bank, as selected by Escrow Agent, in New York, New York. All interest will accrue to and be reported to applicable taxing authorities, including the Internal Revenue Service, for the account of the party to whom such interest is or will be paid. Upon request of the Escrow Agent, the parties hereto shall supply the Escrow Agent with his/her/its Social Security/Federal Identification Number. A Form W-9 is annexed to this Escrow Agreement and must be completed by either Seller or Purchaser, as the case may be, concurrently with the execution of this Agreement.

Seller and Purchaser agree that the Escrow Agent shall not be responsible for any penalties, loss of principal or interest, or the consequences of a delay in withdrawal of the Deposit and interest accrued thereon, (the "Escrow"), if any, which may be imposed as a result of the making or the redeeming of the above investment, as the case may be, pursuant to this Agreement. Seller and Purchaser also agree that Escrow Agent shall not be liable for any loss or impairment of the Deposit while the Deposit is in the course of collection or of the Escrow if such loss or impairment results from the failure, insolvency or suspension of the financial institution in which the Deposit is deposited.

3. Escrow Agent shall hold the Deposit and all interest accrued thereon and shall dispose of the same only in accordance with the following provisions:

   a) Escrow Agent shall deliver the Escrow to Seller or Purchaser, as the case may be, as follows:

   (i) to Seller, upon completion of the closing under the Contract; or

    (ii)    to Seller or Purchaser as designated by an instruction letter jointly executed by both Seller and Purchaser; or

    (iii)    to Seller, after receipt of Seller's demand in which Seller certifies either that (A) Purchaser has defaulted under the Contract, or (B) this Escrow Agreement has been otherwise terminated or canceled, and Seller is thereby entitled to receive the Escrow; but Escrow Agent shall not honor Seller's demand until more than ten (10) business days after Escrow Agent has given a copy of Seller's demand to Purchaser in accordance with Section 3(b)(i) of this Agreement, nor thereafter if Escrow Agent receives a Notice of Objection from Purchaser as provided for in said Section within such ten (10) day period; or

    (iv)    to Purchaser, after receipt of Purchaser's demand in which Purchaser certifies that either (A) Seller has defaulted under the Contract, or (B) this Agreement has been otherwise terminated or canceled, and therefore Purchaser is thereby entitled to receive the Escrow. Escrow Agent shall not honor the Purchaser's demand until more than ten (10) business days after Escrow Agent has given a copy of Purchaser's demand to Seller in accordance with Section 3(b)(i) of this Agreement, nor thereafter if Escrow Agent receives a Notice of Objection from Seller as provided for in said Section within such ten (10) day period.

Upon delivery of the Escrow, Escrow Agent shall be relieved of all liability hereunder and, with respect to the Escrow, Escrow Agent shall deliver the Escrow at the election of the party entitled to receive the same by (i) a good, unendorsed check of Escrow Agent payable to the order of such party, or (ii) a bank wire transfer to an account designated by such party.

b) (i) Upon receipt of a written demand from Seller or Purchaser under Section 3 (a)(ii) or (iii) above, Escrow Agent shall send a copy of such demand to the other party. Within ten (10) business days after the date of receiving same, but not thereafter, the other party may object to delivery of the Escrow to the party making such demand by giving a notice of objection ("Notice of Objection") to Escrow Agent. After receiving a Notice of Objection, Escrow Agent shall send a copy of such Notice of Objection to the party who made the demand, and thereafter, in its sole and absolute discretion, Escrow Agent may elect to either:

(A)     continue to hold the Escrow until Escrow Agent receives a written agreement of Purchaser and Seller directing the disbursement of the Escrow, in which event Escrow Agent shall disburse the Escrow in accordance with such agreement; or

(B)     take any and all actions as Escrow Agent deems necessary or desirable, in its sole and absolute discretion, to discharge and terminate its duties under this Agreement, including, without limitation, depositing the Escrow into any court of competent jurisdiction and bringing any action of interpleader or any other proceeding.

In the event of any litigation between Seller and Purchaser, Escrow Agent may deposit the Escrow with the clerk of the court in which such litigation is pending. Upon the making of such deposit, Escrow Agent shall be relieved of its duties hereunder and shall have no liability thereafter to any party whatsoever.

b) (ii) If Escrow Agent is uncertain for any reason whatsoever as to its duties or rights hereunder [and whether or not Escrow Agent has received any written demand

4

under Section 3(a)(ii) or (iii), or Notice of Objection under Section 3(b)(i)], notwithstanding anything to the contrary herein, Escrow Agent may hold and apply the Escrow pursuant to Section 3(b)(i)(A) or (B) or may deposit the Escrow into any court of competent jurisdiction or may decline to take any other action whatsoever. In the event the Escrow is deposited in a court by Escrow Agent pursuant to this Section 3, Escrow Agent shall be entitled to rely upon the decision of such court. In the event of any dispute whatsoever among the parties with respect to disposition of the Escrow, Purchaser and Seller shall pay the attorneys' fees and disbursements incurred by Escrow Agent (which said parties shall share equally, but for which said parties shall be jointly and severally liable) for any litigation in which Escrow Agent is named as, or becomes, a party.

4.   . Escrow Agent shall have no duties or responsibilities except those set forth herein, which the parties hereto agree are ministerial in nature. Seller and Purchaser acknowledge that Escrow Agent is serving without compensation, solely as an accommodation to the parties hereto, and except for the gross negligence or willful misconduct of the Escrow Agent, Escrow Agent shall have no liability of any kind whatsoever arising out of or in connection with its activity as Escrow Agent. Seller and Purchaser jointly and severally agree to and do hereby indemnify and hold harmless Escrow Agent from all suits, actions, loss, costs, claims, damages, liabilities, and expenses (including, without limitation, attorneys' fees and disbursements) ("Liabilities") which may be incurred by reason of its acting as Escrow Agent. In no event shall the Escrow Agent be liable for any lost profits or for any incidental, special, consequential or punitive damages whether or not the Escrow Agent knew of the possibility or likelihood of such damages. Escrow Agent's substantial compliance with its standard procedures for provision of the services required pursuant to this Agreement shall be deemed to constitute the exercise of ordinary and due care. Purchaser and Seller hereby agree to jointly and severally indemnify and hold harmless the Escrow Agent, and its successors and assigns, from and against any and all Liabilities asserted against them in connection with this Agreement, other than those Liabilities caused by their gross negligence or

willful misconduct of the Escrow Agent. Escrow Agent may charge against the Deposit any amounts owed to it under the foregoing indemnity.

5. All notices, demands, offers, elections or other communications required or permitted by this Escrow Agreement shall be in writing and shall be personally delivered, either by hand delivery or overnight courier and addressed to the party at the following addresses:

To Seller:   272 Sherman, LLC
            c/o Michael Beckman, Esq.
            Beckman, Lieberman & Barandes, LLP
            116 St John Street, Suite1313
            New York, New York 10038

To Purchaser:   MILBANK REAL ESTATE SERVICES, INC.
            660 S. Figueroa Street, 24th Floor
            Los Angeles, California 90017
            Phone (213) 403-1400

To First American (Escrow Agent):
            First American Title Insurance Company of New York
            Christine Lenahan
            633 Third Avenue
            New York, New York 10017
   Title Number:

Notice shall be deemed to have been given or delivered if personally delivered, upon delivery; or, if sent by overnight courier, on the first day after being sent. Notwithstanding the preceding sentence to the contrary, and solely with respect to the

Escrow Agent, notice shall be deemed to have been given or delivered to the Escrow Agent on the date of the Escrow Agent's actual receipt or refusal of such notice.

In its capacity as Escrow Agent, Escrow Agent shall not be responsible for the genuineness or validity of any instrument, document or item deposited with it, and shall have no responsibility other than to faithfully follow the instructions contained herein. The parties hereto agree that Escrow Agent is fully protected in acting in accordance with any written instrument given to it hereunder by any of the parties hereto believed by Escrow Agent to have been signed by the proper person. Escrow Agent may assume that any person purporting to give any notice hereunder has been duly authorized to do so. Escrow Agent shall have no obligation to review or confirm that actions taken pursuant to such notice in accordance with this Agreement comply with any other agreement or document.

6.   Escrow Agent hereunder may resign at any time on giving five (5) days prior written notice to that effect to each of the Seller and Purchaser. In such event, a successor Escrow Agent shall be selected by the Seller and approved by the Purchaser, such approval not to be unreasonably withheld or delayed. Escrow Agent shall then deliver to the successor Escrow Agent the Deposit and any interest earned thereon, if any, to be held by the successor Escrow Agent pursuant to the terms of this Escrow Agreement. If no successor Escrow Agent is designated and qualified within five (5) business days after Escrow Agent's resignation is effective, Escrow Agent may apply to a qualified court for the appointment of a successor Escrow Agent. The expenses thereof shall be equally borne by the Seller and Purchaser.

7.   Escrow Agent shall have no duties or responsibilities other than those expressly set forth herein. Escrow Agent shall have no duty to enforce any obligation of any person to make any payment or delivery or to enforce any obligation of any person to perform any other act. Escrow Agent shall have no liability to the other parties hereto or to anyone else by reason of any failure on the part of any party hereto or any maker,

guarantor, endorser or other signatory of any document or any other person to perform such person's obligations under such document.

8. Escrow Agent shall be entitled to select any and all counsel who may be retained to defend or prosecute any action on behalf of Escrow Agent under or arising out of this Agreement.

9. The duties and obligations of the Escrow Agent shall be determined solely by the express provisions of this Agreement, and, except as expressly set forth herein, Escrow Agent will not be charged with knowledge of any provisions of the Contract or any other documents executed in connection with the Contract. Escrow Agent shall not be liable except for the performance of its duties and obligations as are specifically set forth in this Agreement, and no implied covenants or obligations shall be read into this Agreement against the Escrow Agent.

10. If either Purchaser or Seller becomes subject to a voluntary or involuntary proceeding under the United States Bankruptcy Code, or if the Escrow Agent is otherwise served with legal process which Escrow Agent in good faith believes affects funds deposited with Escrow Agent, Escrow Agent shall have the right to place a hold on funds deposited with the Escrow Agent until such time as Escrow Agent receives an appropriate court order or other assurances satisfactory to Escrow Agent (in Escrow Agent's sole discretion) establishing that the funds may continue to be held or disbursed, as the case may be, according to the instructions contained in this Agreement.

11. If at any time Escrow Agent, in good faith, is in doubt as to the action it should take under this Agreement, Escrow Agent shall have the right (i) to place a hold on funds on deposit with the Escrow Agent until such time as Escrow Agent receives an appropriate court order or other assurances satisfactory to Escrow Agent as to the disposition of funds in the Escrow Agent's possession; or (ii) to commence, at the expense of both the Seller and the Purchaser, an interpleader action in any court of

competent jurisdiction situated in New York County in the State of New York and to take no further action except in accordance with joint instructions from Purchaser and Seller or in accordance with the final order of the court in such action.

12. It is expressly agreed that this Agreement is for the sole benefit of the parties hereto and shall not be construed or deemed to have been made for the benefit of any third party or parties.

13. This Agreement and the obligations of the parties hereunder shall be interpreted, construed and enforced in accordance with the laws of the State of New York applicable to contracts executed, delivered and to be fully performed in New York.

14. If any provision of this Agreement or the application thereof to any entity, person or circumstances shall be invalid or unenforceable to any extent, the remainder of this Agreement and the application of such provisions to other entities, persons or circumstances shall not be affected thereby and shall be enforced to the greatest extent permitted by law.

15. This Agreement contains the entire understanding between the parties hereto. No waivers, variations, modifications or changes hereto shall be binding upon any party hereto, unless set forth in a document duly executed by all parties hereto.

16. Whenever used herein, the singular number shall include the plural, and the use of any gender shall include all genders. Obligations under this Agreement shall be binding upon the Seller and the Purchaser, jointly and severally. This Agreement shall be binding upon and enforceable between, and inure to the benefit of, the Seller and the Purchaser, their heirs, executors, administrators, legal representatives, successors, assigns or trustees.

17. This Agreement may be executed in multiple original counterparts, all of which shall be deemed to be originals and with the same effect as if all parties hereto had signed

the same document. All such counterparts shall be construed together and shall constitute one and the same instrument.

18. Each party waives the right to a jury in any dispute relating to this Agreement.

19. The provisions of this Agreement shall survive its termination and the termination of, or closing under, the Contract.

IN WITNESS WHEREOF, the parties hereto have executed and delivered this Agreement as of the date first above written.

SELLER: 272 Sherman, LLC, c/o New Realty Management Inc.

By: *ATTY in Fact*
Name:  Dino Duani, By Zahava Duani, Attorney-in-Fact
Title:   Chief Executive Officer

PURCHASER:  MILBANK REAL ESTATE SERVICES, INC.

By: _____
Name: M. Aaron Yashouafar
Title: Chief Executive Officer

ESCROW AGENT:

First American Title Insurance Company of New York
By: _____
Name: Christine Lenahan
Title:

10