## WAIVER OF SERVICE OF SUMMONS

TO:   David J. Molton, Esq.
      Brown Rudnick Berlack Israels LLP
      Seven Times Square
      New York, New York 10036
      (212) 209-4800

    I acknowledge receipt of your request that defendants 1551 St. Nicholas, LLC and 272 Sherman, LLC (collectively, the "Defendants") waive authorized me to waive service of a summons in the action of *Milbank 1551 Nicholas, LLC and Milbank 272 Sherman, LLC v. 1551 St. Nicholas, LLC, et al.*, Docket No. 07-civ-9834-JGK-MHD (SDNY) on their behalf. I have also received a copy of the complaint, summonses, civil coversheet, Rule 7.1 statement, judge's rules, magistrate's rule, and ECF rules and procedures in the action, along with two copies of this instrument and a means by which I can return the signed waiver to you without cost to the Defendants.

    Defendants agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

    Defendants will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

    Defendants understand that a judgment may be entered against them if an answer or motion under Rule 12 is not served upon you within 60 days after November 12, 2007.

_11/12/07_____   _[signature]_____
Date                      Signature

           Printed/typed name: Stephen J. Fallis, Esq.
                           Stempel, Bennett, Claman &
                           Hochberg, P.C.
                           675 Third Avenue, 31st Floor
                           New York, NY 10017

                           Attorney for Defendants
                           1551 St. Nicholas, LLC and 272 Sherman, LLC

8103080

## Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant who, after being notified of an action and asked to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or even its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons has been actually served when the request for waiver of service was received.