UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MILBANK 1551 NICHOLAS, LLC and
MILBANK 272 SHERMAN, LLC,  :  Docket No.: 07-CV-9834 (JGK)(MHD)

              Plaintiffs,  :

    -against-  :  **REPLY TO DEFENDANTS'**
                            **COUNTERCLAIMS**

1551 ST. NICHOLAS, LLC, 272 SHERMAN, LLC,  :
and FIRST AMERICAN TITLE INSURANCE  :
COMPANY OF NEW YORK, as Escrow Agent,  :

              Defendants.  :
------------------------------------------------------------X

       Plaintiffs, Milbank 1551 Nicholas, LLC and Milbank 272 Sherman, LLC (collectively, the "Purchaser Plaintiffs"), by their attorneys, Brown Rudnick Berlack Israels LLP, as and for their reply to the counterclaims of defendants 1551 St. Nicholas, LLC and 272 Sherman, LLC (collectively, the "Seller Defendants") as set forth in the Seller Defendants' Answer and Counterclaims, dated January 28, 2008 (the "Seller Defendants' Counterclaims"), respectfully answer and aver as follows:

**FIRST AFFIRMATIVE DEFENSE AND COUNTERCLAIM**

       1.     The Purchaser Plaintiffs deny the allegations set forth in paragraph 56 of the Seller Defendants' Counterclaims, except admit that certain documents were prepared and/or placed in escrow by the Purchaser Plaintiffs and the Seller Defendants on August 2, 2007, in anticipation of a closing which was scheduled to occur on August 3, 2007, but a closing never occurred for the reasons set forth at length in the Purchaser Plaintiffs' Complaint, dated November 6, 2007, which reasons included the Seller Defendants' breaches of the relevant Contracts of Sale.

2. Paragraph 57 of the Seller Defendants' Counterclaims contains a legal conclusion to which no response is required. To the extent any response is required, the Purchaser Plaintiffs deny the allegations set forth therein.

3. Paragraph 58 of the Seller Defendants' Counterclaims contains a legal conclusion to which no response is required. To the extent any response is required, the Purchaser Plaintiffs deny the allegations set forth therein and respectfully refer this Court to the Contracts of Sale entered into between Milbank Real Estate (whose interest was later assigned to the Purchaser Plaintiffs) and the Seller Defendants on February 22, 2007, for the content and terms thereof.

[Paragraphs 59 – 60 of the Seller Defendants' Counterclaims contain a second affirmative defense, but do not contain a counterclaim.]

## AS AND FOR A SECOND COUNTERCLAIM

4. Paragraph 61 of the Seller Defendants' Counterclaims contains a legal conclusion to which no response is required. To the extent any response is required, the Purchaser Plaintiffs deny the allegations set forth therein.

5. Paragraph 62 of the Seller Defendants' Counterclaims contains a legal conclusion to which no response is required. To the extent any response is required, the Purchaser Plaintiffs deny the allegations set forth therein.

## FIRST AFFIRMATIVE DEFENSE TO COUNTERCLAIM

The Seller Defendants' Counterclaims fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE TO COUNTERCLAIM

The Seller Defendants' Counterclaims are barred by the doctrines of waiver, laches and/or estoppel.

### THIRD AFFIRMATIVE DEFENSE TO COUNTERCLAIM

The Seller Defendants' Counterclaims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE TO COUNTERCLAIM

Any damage suffered by the Seller Defendants as alleged in the Seller Defendants' Counterclaims is the result of their own actions or the actions of third parties for which the Purchaser Plaintiffs are not responsible.

### FIFTH AFFIRMATIVE DEFENSE TO COUNTERCLAIM

The Seller Defendants have failed to mitigate, obviate, diminish and/or otherwise reduce their alleged damages.

### SIXTH AFFIRMATIVE DEFENSE TO COUNTERCLAIM

The Seller Defendants' claims are barred by the documentary evidence.

### SEVENTH AFFIRMATIVE DEFENSE TO COUNTERCLAIM

The Purchaser Plaintiffs reserve their right to assert additional affirmative defenses as such are determined during the course of this action.

**WHEREFORE**, the Purchaser Plaintiffs respectfully request that the Seller Defendants' Counterclaims be dismissed in their entirety, with prejudice, and that judgment be entered on the Purchaser Plaintiffs' complaint in the manner requested therein.

Dated: New York, New York
       February 7, 2008          BROWN RUDNICK BERLACK ISRAELS LLP

                                 By: /s/ David J. Molton
                                     David J. Molton, Esq. (DM-1106)
                                     Diane M. Nardi, Esq. (DN-7472)
                                 Seven Times Square
                                 New York, New York 10036
                                 Telephone: (212) 209-4800
                                 Facsimile: (212) 209-4801
                                 dmolton@brownrudnick.com
                                 dnardi@brownrudnick.com