UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
MILBANK 1551 NICHOLAS, LLC and
MILBANK 272 SHERMAN, LLC,        :   Civil Action No. 07 CIV 9834 (Koeltl, J.)
                                 :
              Plaintiffs,        :
                                 :
        -against-                :   **AMENDED ANSWER AND**
                                 :   **COUNTERCLAIMS**
1551 ST. NICHOLAS, LLC, 272 SHERMAN, :
LLC and FIRST AMERICAN TITLE     :
INSURANCE COMPANY OF NEW YORK,   :
As Escrow Agent,                 :
                                 :
              Defendants.        :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Defendants 1551 St. Nicholas, LLC (the "St. Nicholas Seller") and 272 Sherman, LLC (the "Sherman Seller") (collectively, the "Defendants") by their attorneys, Stempel Bennett Claman & Hochberg, P.C., as and for their answer, respectfully state as follows:

1.   Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 1 of the complaint, except admit on information and belief that plaintiff Milbank 1551 Nicholas, LLC (the "St. Nicholas Purchaser") is the assignee of the interest of Milbank Real Estate Services, Inc. ("Milbank Real Estate"), which had entered into a contract with the St. Nicholas Seller for the sale and purchase of certain real property located at 1551 St. Nicholas Avenue, New York, New York (the "St. Nicholas Property"), and admit that plaintiffs' counsel has provided additional information to defendants suggesting, on information and belief, that diversity jurisdiction properly exists here.

2.      Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 2 of the complaint, except admit that plaintiff Milbank 272 Sherman, LLC (the "Sherman Purchaser") is the assignee of the interest of Milbank Real Estate, which had entered into a contract with the Sherman Seller for the sale and purchase of certain real property located at 272 Sherman Avenue, New York, New York (the "Sherman Property"), and admit that plaintiffs' counsel has provided additional information to defendants suggesting, on information and belief, that diversity jurisdiction properly exists here.

3.      Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 3 of the complaint, except admit that the St. Nicholas Seller is a New York limited liability company, that its individual members are residents solely of New York State for purposes of diversity jurisdiction, that it entered into a written contract of sale by which it agreed to sell, as contract vendor, the St. Nicholas Property to Milbank Real Estate, admit on information and belief the assignment to the St. Nicholas Purchaser and admit that the St. Nicholas Seller has an address for service of process at c/o New Realty Management, 450 Seventh Avenue, New York, New York, 10123.

4.      Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 4 of the complaint, except admit that the Sherman Seller is a New York limited liability company, that its individual members are residents solely of New York State for purposes of diversity jurisdiction, that it entered into a written contract of sale by which it agreed to sell, as contract vendor, the Sherman Property to Milbank Real Estate, admit on information and belief the assignment to the Sherman Purchaser and admit that the Sherman Seller has an

address for service of process at c/o New Realty Management, 450 Seventh Avenue, New York, New York, 10123.

5. Admit the allegations of paragraph 5 of the complaint, except note that, per stipulation, the escrow agent is no longer a party to this action.

6 and 7. Admit on information and belief the allegations of complaint paragraphs 6 and 7, based on additional material provided by plaintiffs' counsel, that complete diversity exists and venue is proper.

8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20 and 21. Deny the allegations of paragraphs 8-21 of the complaint, except admit that the St. Nicholas Seller and the Sherman Seller entered into the contracts of sale with the escrow agent referred to in these paragraphs and refer thereto for all of the terms and conditions thereof.

22. Deny the allegations of complaint paragraph 22, except admit that the closings of the two contracts were scheduled for August 3, 2007, and that a pre-closing was scheduled for August 2, 2007.

23. Deny the allegations of complaint paragraph 23, except admit that certain pre-closing matters were addressed on August 2, 2007, and refer to the assignments in favor of plaintiffs for the substance thereof.

24. Deny the allegations of complaint paragraph 24, except admit that on August 2, 2007 the parties executed and exchanged certain closing documents for the St. Nicholas Property

and the Sherman Property, and state affirmatively that plaintiffs had earlier opportunity to examine the documents and had done so.

25. Deny the allegations of complaint paragraph 25, except admit that on August 3, 2007, in accordance with the writing included as the last page of Complaint Exhibit K (which page is separately attached hereto as Answer Exhibit 1), the funding of the closing balance -- and nothing else -- was extended to the close of business on Tuesday, August 7, 2007 and all other closing matters were deemed to have been completed on or before August 7, 2007, subject only to purchasers' funding.

26 and 27. Deny the allegations of paragraphs 26 and 27 of the complaint, except admit that plaintiffs purported to issue a letter dated August 7, 2007 (Complaint Exhibit G), making certain assertions.

28, 29, 30, 31 and 32. Admit the allegations of paragraphs 28, 29, 30, 31 and 32.

33. Admit the existence of the document referred to in paragraph 33 of the complaint and refer to that document for its terms and provisions.

34. In response to paragraph 34 of the complaint, repeat and reallege their responses to paragraphs 1-33 of the complaint.

35, 36, 37 and 38. Deny the allegations of paragraphs 35 – 38 of the complaint, and specifically deny that plaintiffs' effectively tendered the purchase prices for the St. Nicholas Property and the Sherman Property, specifically deny that plaintiffs properly and/or in a timely manner raised any deficiency in sellers' performance such as to entitle purchasers to rescind, and

admit that on August 2, 2007 the parties executed and exchanged certain closing documents for the St. Nicholas Property and the Sherman Property, and state affirmatively that plaintiffs had earlier opportunity to examine the documents and had done so.

39. In response to paragraph 39 of the complaint, repeat and reallege their responses to paragraphs 1-38 of the complaint.

40, 41, 42 and 43. Deny the allegations of paragraphs 40 - 43 of the complaint.

44. In response to paragraph 44 of the complaint, repeat and reallege their responses to paragraphs 1-43 of the complaint.

45. Admit the allegations of paragraph 45 of the complaint.

46. Deny the allegations of paragraph 46 of the complaint.

47. Admit the allegations of paragraph 47 of the complaint.

48 and 49. Deny the allegations of paragraphs 48 and 49 of the complaint.

50. In response to paragraph 50 of the complaint, repeat and reallege their responses to paragraphs 1-49 of the complaint.

51. Admit the allegations of paragraph 51 of the complaint.

52. Deny the allegations of paragraph 52 of the complaint.

53. Admit the allegations of paragraph 53 of the complaint.

54 and 55. Deny the allegations of paragraphs 54 and 55 of the complaint.

## FIRST AFFIRMATIVE DEFENSE AND COUNTERCLAIM

56. On August 2, 2007 the deeds for the St. Nicholas Property and the Sherman Property were placed in escrow with the purchasers' title company.

57. By reason of the foregoing and based on purchasers' request for the adjournment solely for purposes of funding, purchasers are deemed to have accepted sellers' performance as of August 3, 2007.

58. The purchasers failed to perform by, among other things, failing to tender <u>actual</u> checks (as opposed to photocopies); accordingly, as per the contracts of sale, the downpayments belong to sellers, and a judgment should be issued.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

59. On or before August 2, 2007, purchasers had actual knowledge of and waived any defects.

60. Purchasers purported notice of defects in correspondence dated August 7, 2007 is facially insufficient, in that it fails to set forth any specific facts.

## AS AND FOR A SECOND COUNTERCLAIM

61. Plaintiffs breached the alleged contracts in question by delaying their performance thereunder.

62. As a result of plaintiffs' breach, Defendants are entitled to a declaration that the escrow funds belong to them as liquidated damages under the contracts of sale.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

63.  Plaintiffs breached the alleged contracts in question by failing to close, time being of the essence against plaintiffs only, by, among other things, failing to timely close and by failing to fund the closing balance by the close of business on August 7, 2007.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

64.  Plaintiffs breached the alleged contracts in question by adjourning the closing to August 7, 2007 for funding of the closing balances only, and then failing to fund the closing balance on August 7, 2007 despite time being of the essence against plaintiffs only.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

65.  Plaintiffs breached the alleged contracts in question by failing to fund the closing balance on or before the close of business on August 7, 2007, time being of the essence against plaintiffs only.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

66.  Although Defendants deny any breach of the contracts on their part, plaintiffs breached the alleged contracts in question by canceling the contracts and not affording Defendants an adjournment and/or an opportunity to cure any breaches or alleged defects in Defendants' performance under the contracts.

**WHEREFORE**, Defendants demand (i) judgment dismissing the complaint and (ii) judgment on their counterclaims, together with such other, further and different relief as the Court deems just or proper.

## JURY TRIAL DEMAND

Defendants 1551 St. Nicholas, LLC and 272 Sherman, LLC hereby demand trial by jury on all issues so triable in this lawsuit.

Dated: New York, New York
May 22, 2008

                                       **STEMPEL BENNETT CLAMAN &**
                                       **HOCHBERG, P.C.**

                                       By: _____
                                            David L. Paldy (DP-6918)
                                       675 Third Avenue
                                       New York, New York  10017
                                       (212) 681-6500